**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

CHAMBERS OF
**MICHAEL A. SHIPP**
UNITED STATES DISTRICT JUDGE

CLARKSON S. FISHER FEDERAL BUILDING
& U.S. COURTHOUSE
402 EAST STATE STREET
TRENTON, N.J. 08608
609-989-2009

<u>**NOT FOR PUBLICATION**</u>

November 14, 2019

**LETTER OPINION & ORDER**

<u>**VIA CM/ECF**</u>
All counsel of record

Re:    *Jeffrey Gundell, on behalf of himself and others similarly situated, v. Sleepy's Inc.,
       et al.*, No. 15-7365 (MAS) (DEA)

Dear Counsel:

This matter comes before the Court upon Defendants Sleepy's, LLC and Mattress Firm, Inc.'s ("Defendants") Motion to Dismiss Plaintiff Jeffrey Gundell's ("Plaintiff") Third Amended Complaint. (ECF No. 58.) Plaintiff opposed (ECF No. 61), and Defendants replied (ECF No. 62).

The Court has carefully considered the parties' submissions and heard oral argument on November 6, 2019. For the reasons set forth in this letter opinion, and for other good cause shown, the Court denies Defendants' Motion to Dismiss.

## I.    <u>Procedural Background</u>[1]

Plaintiff brings this putative class action lawsuit on behalf of himself and others similarly situated, alleging violations of New Jersey's Truth-in-Consumer Contract, Warranty, and Notice Act (TCCWNA), N.J. Stat. Ann. § 56:12–14 *et seq.*, the New Jersey Furniture Delivery Regulations (FDR), N.J. Admin. Code § 13:45A–5.1 *et seq.*, and the New Jersey Consumer Fraud Act (CFA), N.J. Stat. Ann. § 56:8–1 *et seq.* (Third Am. Compl. ("Compl."), ECF No. 55.) Plaintiff also seeks declaratory judgment under the Uniform Declaratory Judgments Act (UDJA), N.J. Stat. Ann. § 2A:16–50 *et seq.* (*Id.*)

Defendants previously moved to dismiss Plaintiff's Second Amended Complaint. After hearing oral argument on December 19, 2016, the Court denied Defendants' motion to dismiss Count Two, which alleged violations of the FDR and the CFA. (ECF No. 38.) The Court reserved on Defendant's motion as to Count One, which alleged violations under the TCCWNA, pending a

---

[1] This case has been pending since October of 2015. Because the parties are familiar with the allegations in the Complaint, the Court dispenses with a summation of the factual background.

Third Circuit decision interpreting the TCCWNA in light of *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016). (*Id.*) The Court stayed the matter and ordered the parties to file correspondence on the relevant Third Circuit decision, upon which the Court would reopen the matter and enter an appropriate order as to Plaintiff's claims under the TCCWNA. (*Id.*)

On May 22, 2018, Plaintiff informed the Court of *Spade v. Select Comfort Corp.*, 181 A.3d 969 (N.J. 2018), in which the New Jersey Supreme Court answered two certified questions of law from the Third Circuit:

1. Does a violation of the [FDR] alone constitute a violation of a clearly established right or responsibility of the seller under the TCCWNA and thus provides a basis for relief under the TCCWNA?
2. Is a consumer who receives a contract that does not comply with the [FDR], but has not suffered any adverse consequences from the noncompliance, an "aggrieved consumer" under the TCCWNA?

(ECF No. 43.) Upon receipt of Plaintiff's correspondence, the Court reopened the matter and lifted the stay. (ECF No. 44.) Thereafter, Plaintiff applied for, and the Court granted, leave to file an amended complaint. (ECF Nos. 47, 49.) On March 18, 2019, Plaintiff filed the Third Amended Complaint, which Defendants move to dismiss in its entirety. (ECF No. 58.)

## II.   Legal Standard

When deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Importantly, in a Rule 12(b)(6) motion to dismiss, "the defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005)).

## III.   Discussion

The Complaint alleges the following claims: Count One—Violations of the TCCWNA; Count Two—Declaratory Judgment under the UDJA; and Count Three—Violations of the FDR and the CFA. (Compl.)

### A.   Plaintiff's FDR and CFA Claims

Count Three of the Complaint alleges violations under the FDR and the CFA.

"The law of the case doctrine limits relitigation of an issue once it has been decided in an earlier stage of the same litigation." *Hamilton v. Leavy*, 322 F.3d 776, 786 (3d Cir. 2003) (internal quotation marks and citation omitted). The doctrine protects "traditional ideals such as finality, judicial economy[,] and jurisprudential integrity." *In re City of Phila. Litig.*, 158 F.3d 711, 717–18 (3d Cir. 1998). The doctrine "does not restrict a court's power but rather governs its exercise of

discretion"; it does not preclude a court from reconsidering a previously decided issue in "extraordinary circumstances such as where: (1) new evidence is available; (2) a supervening new law has been announced; or (3) the earlier decision was clearly erroneous and would create manifest injustice." *Id.* at 718 (citation omitted); *see also Swift v. Pandey*, No. 13-650, 2015 WL 5255240, at *3 (D.N.J. Sept. 8, 2015) (citing *Flora v. Cty. of Luzerne*, 776 F.3d 169, 174 n.8 (3d Cir. 2015)) (applying the law of the case doctrine to defendants' motion to dismiss previously adjudicated claims).

The Court previously denied Defendants' motion to dismiss Plaintiff's FDR and CFA claims. (ECF No. 39.) Here, Defendants offer no new evidence, no new controlling law from the New Jersey state legislature or the New Jersey state courts, and no illustration of manifest injustice.[2] Plaintiff alleges violations under the same subsections of the FDR, N.J. Admin. Code § 13:45A–5.1(a)(2) and –5.1(e), and the same subsections of the CFA, N.J. Stat. Ann. § 56:8–2 and –19, as he did in the Second Amended Complaint.[3] Because none of the traditional extraordinary circumstances exist, the Court declines to revisit its prior decision denying Defendants' motion to dismiss Plaintiff's claims under the FDR and the CFA because it is the law of the case. Defendants' Motion as to Plaintiffs' FDR and CFA claims, therefore, is denied.

## B.    Plaintiff's TCCWNA Claims

Count One of the Complaint alleges violations of the TCCWNA.

To state a claim under the TCCWNA, Plaintiff must allege four elements: (1) that the defendant was a seller; (2) that the seller offered or entered into a written consumer contract; (3) that, at the time the written consumer contract was signed or displayed, the writing contained a provision that

---

[2] *Spade* and its progeny relate to the TCCWNA, not the FDR. The questions certified in *Spade* presume that a regulatory infraction under the FDR already occurred.

[3] For clarity sake, the Court addresses certain points Defendants emphasized at oral argument. First, Defendants argued that, so long as the mattress base was delivered in a timely fashion, there can be no violation of the regulations. (Tr. 3:1–9.) But the FDR is not so limited. A furniture seller's failure to deliver conforming merchandise to a consumer and subsequent failure to afford him the options required by subsection (a)(2) may constitute a violation of the FDR. N.J. Admin. Code § 13:45A–5.1(e). Here, the Court finds Plaintiff pleaded sufficient facts that he did not receive one or more of the options required under subsection (a)(2) of the FDR. (Compl. ¶¶ 32, 34.)

Defendants also argued that the mattress base was conforming as a matter of law—that Plaintiff received the base that was printed on the sales receipt at the date and time promised. (Tr. 3:10–22, 6:9–14.) The FDR defines non-conforming merchandise as "damaged or . . . not the exact size, style, color[,] or condition indicated on the sales contract." N.J. Admin. Code § 13:45A–5.1(e). Here, the Complaint alleges Plaintiff ordered a mattress base with one adjustable base bar, but the delivered base had two. (Compl. ¶¶ 14–15, 20–29.) These allegations allow a plausible inference that the sales receipt was inaccurate and, accordingly, that the mattress base was non-conforming. Defendants, consequently, fail to meet their burden of showing that no FDR claim has been presented.

violated a clearly established legal right of a consumer or responsibility of a seller; and (4) that the plaintiff is an aggrieved consumer. *Spade*, 181 A.3d at 976 (citing N.J. Stat. Ann. § 56:12–15, –17).

A violation of a state regulation alone could constitute a violation of "a clearly established legal right of a consumer or a responsibility of a seller." *Spade*, 181 A.3d at 978. A consumer is aggrieved "if he or she has suffered harm *as a result of* the defendant's inclusion of prohibited language in a contract . . . even if that harm is not a basis for a damages award." *Id.* at 980 (emphasis added). On the other hand, "if a consumer has entered into a sales contract containing a provision that violated [a state regulation], but his or her furniture was delivered conforming and on schedule, and he or she has incurred no monetary damages or adverse consequences, that consumer has suffered no harm. Such a consumer is not an 'aggrieved consumer' under [the TCCWNA]." *Id.* at 981.

Defendants argue that Plaintiff has not articulated any violation of the TCCWNA. (Defs.' Moving Br. 18–19, ECF No. 58-1.)[4] The Court finds this argument unpersuasive. Plaintiff alleges Defendants violated the FDR and the CFA. Because the Court finds Plaintiff has sufficiently alleged violations of the FDR and the CFA, *see supra* III.A., and because any violation of state law or regulation is a sufficient basis for a claim under the TCCWNA, *see Spade*, 181 A.3d at 978, Plaintiff sufficiently pleads a TCCWNA claim.

Defendants also argue Plaintiff has not pleaded any "adverse consequence" that could make him (or his proposed class[5]) an "aggrieved consumer" under the TCCWNA. (Defs.' Moving Br. 18–19.) Defendants specifically argue that, to seek relief under the TCCWNA, Plaintiff must plead "'real' damages, not 'made up' damages or statutory damages." (*Id.* at 12.) But Defendants misread *Spade* and its progeny. The *Spade* court explicitly found the harm a consumer must suffer was not "limited to injury compensable by monetary damages." 181 A.3d at 980. And post-*Spade* courts clarify that a plaintiff suffers an "adverse consequence" if he is deterred from taking certain actions or pursuing certain remedies, or if he did not receive the contracted-for goods. *See Patterson v. Forever 21, Inc.*, No. 16-5087, 2018 WL 5313920, at *5 (D.N.J. Oct. 26, 2018); *Truglio v. Planet Fitness, Inc.*, 360 F. Supp. 3d 274, 280 (D.N.J. 2018). A plaintiff also suffers an adverse

---

[4] Defendants do not contest Plaintiff's allegations that Defendants are sellers or that Defendants offered or entered into written consumer contracts. The Court finds Plaintiff has sufficiently pleaded these two elements.

[5] Defendants did not formally move to strike class allegations. Any such arguments are, therefore, not properly before the Court.

consequence if the defendant attempted to enforce the unlawful provisions to the plaintiff's detriment. *Patterson*, 2018 WL 5313920, at *5.[6]

Plaintiff alleges that, because he was not provided notice of his right to cancel the non-conforming base, he did not do so.[7] (Compl. ¶ 104.) If Plaintiff was, in fact, prevented from canceling the base because of the lack of notice, he has suffered an adverse consequence. The Court, accordingly, finds Plaintiff has sufficiently pleaded he is an "aggrieved consumer" under the TCCWNA. Because Defendants did not meet their burden of showing Plaintiff fails to state a claim under the TCCWNA, the Motion as to Count One is denied.

### C. Plaintiff's UDJA Claim

Count Two of the Complaint seeks a declaratory judgment that the Limitation of Liability Provision is null and void under public policy, pursuant to the UDJA.

The UDJA is designed "to settle and afford relief from uncertainty and insecurity with respect to rights, status and other legal relations." N.J. Stat. Ann. § 2A:16–51. "It specifically authorizes an action by a person interested under a 'written contract' to 'have determined any question of construction or validity arising under' the contract. *Whelan v. N.J. Power & Light Co.*, 212 A.2d 136, 139 (N.J. 1965) (citing N.J. Stat. Ann. § 2A:16–53). To maintain a declaratory judgment action, Plaintiff must be involved in a justiciable controversy.

---

[6] Defendants direct the Court to post-*Spade* cases that purportedly dispose of Plaintiff's TCCWNA claims. (Defs.' Moving Br. 9–18; *see also* Nov. 4, 2019 Tr. 6:22–25 ("I'm sure you read [the] eight or nine cases I cited [decided] in [the] last 18-months that stand for the proposition [that Plaintiff is not an aggrieved consumer].").) None of the cited cases, however, support Defendants' proposition. These are factually distinguishable cases in which the plaintiff fails to allege he is an aggrieved consumer. (*See* Defs.' Moving Br. 9–18); *see Truglio*, 360 F. Supp. 3d at 279 (dismissing plaintiff's TCCWNA claims where only alleged harm was having entered into a gym membership contract containing an allegedly unlawful cancellation provision); *Patterson*, 2018 WL 5313920, at *5 (dismissing plaintiff's and proposed class members' TCCWNA claims where only harm alleged was having entered into a sales contract that contained a provision allegedly violating TCCWNA); *Sharp v. Sears Home Appliance Showroom, LLC*, No. A-1962-16T1, 2018 WL 3059773, at *6 (N.J. Super. Ct. App. Div. June 21, 2018) (dismissing plaintiff's TCCWNA claims where plaintiff did not allege harm from omission of language required by regulation); *Luca v. Wyndham Worldwide Corp.*, No. 16-746, 2019 WL 211098, at *4 (W.D. Pa. Jan. 16, 2019) (dismissing TCCWNA claim where plaintiff failed to allege link between the challenged provisions of the Terms of Use and the harm suffered). Defendants also cite to *Martinez-Santiago v. Public Storage*, 331 F.R.D. 94 (D.N.J. 2019). There, in light of the *Spade* decision, the court granted the defendant's motion for decertification on various grounds. *Id.* at 103-04. Again, this case does not lend support for Defendants.

[7] Plaintiff advances several theories as to how he has been harmed by the unlawful provisions in Defendants' contracts. (*See* Compl. ¶¶ 53-83, 95–115.) The Court need only address one of these theories to find Plaintiff has sufficiently pleaded a claim under the TCCWNA.

Defendants do not challenge the justiciability of Plaintiff's claim. They only argue that "the [TCCWNA] itself provides the remedy [that Plaintiff seeks]: the limitation of liability is null and void." (Defs.' Moving Br. at 18). Here, Plaintiff brings this class action on behalf of himself and others similarly situated based on the Limitation of Liability Provision contained in the sales receipts he received from Defendants. While the Court does not reach the merits of his claim, the Court finds that Plaintiff is not seeking an advisory opinion on a hypothetical issue. *See Whelan*, 212 A.2d at 139 (finding real controversy exists where a party to a contract seeks declaration on contract's validity). The Court, therefore, denies Defendants' Motion to Dismiss Plaintiff's UDJA claim.

## IV.    Order

Based on the foregoing, and for other good cause shown,

**IT IS** on this 14th day of November, 2019 **ORDERED** that:

Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint (ECF No. 58) is **DENIED**.


/S/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**