**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**JEFFREY GUNDELL, on behalf of himself and others similarly situated,**

Plaintiff,

v.

**SLEEPY'S, LLC, *et al.*,**

Defendants.

Civil Action No. 15-7365 (ZNQ) (DEA)

**OPINION**

**QURAISHI, District Judge**

**THIS MATTER** comes before the Court upon a Motion for Summary Judgment ("Sleepy's Motion", ECF No. 108) filed by Defendants Sleepy's, LLC ("Sleepy's"), Mattress Firm, Inc., and Mattress Firm Inc. as successor in interest to Sleepy's, LLC (collectively, "Defendants"). Defendants filed a Brief in Support of their Motion ("Sleepy's Moving Br.", ECF No. 108-1) and a Statement of Undisputed Material Facts ("Sleepy's SUMF", ECF No. 108-2). Plaintiff filed a Brief in Opposition to Sleepy's Motion ("Pl.'s Opp'n to Sleepy's Motion", ECF No. 109) along with his Statement of Undisputed Material Facts ("Pl.'s Counter SUMF", ECF No. 109-3). Defendants filed a Reply Brief in response to Plaintiff's Brief in Opposition ("Sleepy's Reply", ECF No. 110-1).

The Court has carefully considered the parties' submissions and decided the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will GRANT Defendants' Motion for Summary

Judgment as to Count One and Count Three of the Third Amended Complaint and DENY as to Count Two of the Third Amended Complaint.

## I. BACKGROUND AND PROCEDURAL HISTORY

### A. The Parties

Plaintiff brings this putative class action lawsuit on behalf of himself and others similarly situated, alleging violations of New Jersey's Truth-in-Consumer Contract, Warranty, and Notice Act ("TCCWNA"), the New Jersey Furniture Delivery Regulations ("FDR"), and the New Jersey Consumer Fraud Act ("CFA"). At all times relevant to this case, Sleepy's is a Delaware Limited Liability Company with its principal place of business in Hicksville, New York. At all times relevant to this case, Defendant Mattress Firm, Inc. had acquired Sleepy's and, via consent order in April 2016, agreed to be a named party in this matter both directly and as successor in interest to Sleepy's.

### B. Procedural History

This action was removed to this Court on October 8, 2015, from the Superior Court of New Jersey, Middlesex County. (ECF No. 1.) Plaintiff's operative pleading, the Third Amended Complaint, was filed on March 18, 2019. ("TAC", ECF No. 55.) The Complaint alleges that Defendants' refusal to provide a refund for a non-conforming product and further unlawful contractual language in its invoices to that effect violates the TCCWNA, FDR, and CFA, and further seeks declaratory judgment that the limitation of liability provision in the sales order invoice is null and void. (*See generally,* TAC.) Defendants filed a Motion to Dismiss the Third Amended Complaint on April 23, 2019. (ECF No. 58). Oral argument was heard on the Motion to Dismiss before the Court on November 5, 2019. (ECF No. 65.) Following the hearing, the

Court denied Defendants' Motion to Dismiss by Letter Opinion and Order on November 14, 2019. (ECF No. 66.)

### C. Undisputed Facts

The Court has found the following facts to be relevant and undisputed unless otherwise noted.

The Third Amended Complaint arises out of a transaction between Plaintiff Gundell and Defendant mattress retailer Sleepy's, LLC. On February 16, 2013, Plaintiff placed an order for a Tempur-Pedic mattress at a Sleepy's location in East Brunswick, New Jersey, and scheduled delivery for March 2, 2013. (Sleepy's SUMF ¶ 1; Pl.'s Counter SUMF ¶ 1.) Thereafter, on May 24, 2015, Plaintiff placed an order for a new mattress base that allowed for newer features than his original mattress base. (Sleepy's SUMF ¶ 2; Pl.'s Counter SUMF ¶ 2.) The delivery was scheduled for May 31, 2015. (*Id.*; *Id.*) Plaintiff conducted his own due diligence in buying the mattress, including speaking with Sears and Sleepy's employees to confirm the type of mattress base he was looking for. (Sleepy's SUMF ¶ 3; Pl.'s Counter SUMF ¶¶ 3–4.) The specific and exact base that was selected and ordered by Plaintiff was the "Tempur-Pedic Ergo Plus Adjustable Base." (Sleepy's SUMF ¶ 2.) The mattress base was timely delivered. (Sleepy's SUMF ¶ 5; Pl.'s Counter SUMF ¶ 13.) Plaintiff was provided a customer invoice and sales order receipt in conjunction with his order that enumerated both his and Sleepy's rights and obligations. (Sleepy's SUMF ¶ 6–9; Pl.'s Counter SUMF ¶ 11–12.) After the mattress base was delivered, Plaintiff alleged that it was not compatible with his mattress. (Sleepy's SUMF ¶ 10; Pl.'s Counter SUMF ¶ 15–19.) In November 2015, Plaintiff settled his claim with Tempur-Pedic. (Sleepy's SUMF ¶ 11; Pl.'s Counter SUMF ¶ 11). Sleepy's asserts that Plaintiff received a payment four times the purchase price. (Sleepy's SUMF ¶ 11.) Plaintiff acknowledges that he received a settlement

payment and discloses the dollar amount, but asserts that it does not fully compensate him for the violation under the CFA, leaving Sleepy's liable for the remainder.  (Pl.'s SUMF ¶ 11) (citing Declaration Andrew R. Wolf, Esq. ¶ 25, ECF 99-2.)

### D. Jurisdiction

The Court has original jurisdiction over Plaintiff's claims under the Class Action Fairness Act of 2005 because the number of members of all proposed plaintiff classes in the aggregate is at least 100, there is at least partial diversity between the parties, and the aggregated claims of the class members exceed the sum or value of $5,000,000, exclusive of interest and costs.  28 U.S.C. § 1332(d).

## II.  LEGAL STANDARD

A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A material fact raises a "genuine" dispute "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Williams v. Borough of W. Chester*, 891 F.2d 458, 459 (3d Cir. 1989) (quoting *Anderson*, 477 U.S. at 248).

"In evaluating the evidence, the Court must consider all facts and their logical inferences in the light most favorable to the non-moving party."  *Rhodes v. Marix Servicing, LLC*, 302 F. Supp. 3d 656, 661 (D.N.J. 2018) (citing *Curley v. Klem*, 298 F.3d 271, 276-77 (3d Cir. 2002)).  "While the moving party bears the initial burden of proving an absence of a genuine dispute of material fact, meeting this obligation shifts the burden to the non-moving party to 'set forth specific facts showing that there is a genuine [dispute] for trial.'"  *Id*. (quoting *Anderson*, 477 U.S. at 250).

4

"Unsupported allegations, subjective beliefs, or argument alone . . . cannot forestall summary judgment." *Read v. Profeta*, 397 F. Supp. 3d 597, 625 (D.N.J. 2019). "Thus, if the nonmoving party fails 'to make a showing sufficient to establish the existence of an element essential to that party's case, . . . there can be no genuine issue of material fact.'" *Id*. (quoting *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 (3d Cir. 1992) (quotation marks omitted)). "In considering the motion, the Court 'does not resolve factual disputes or make credibility determinations.'" *Rhodes*, 302 F. Supp. 3d at 661 (quoting *Siegel Transfer, Inc. v. Carrier Express, Inc.*, 54 F.3d 1125, 1127 (3d Cir. 1995)).

## III. DISCUSSION

### A. NEW JERSEY FURNITURE DELIVERY REGULATIONS AND CONSUMER FRAUD ACT

Count Three of the Third Amended Complaint alleges violations of the FDR and CFA. The FDR (N.J.A.C. 13:45-5.1 et seq.) imposes a series of delivery and notice requirements on "[a]ny person who is engaged in the sale of household furniture for which contracts of sale or sale orders are used for merchandise ordered for future delivery." N.J.A.C. 13:45A-5.1(a).

N.J.A.C. 13:45A-5.1(a) requires the seller to either "[d]eliver all of the ordered merchandise by or on the promised delivery date," or "[p]rovide written notice to the consumer of the impossibility of meeting the promised delivery date." That written notice must be provided to the consumer prior to the delivery date. In the event that the seller does not meet the agreed-upon delivery schedule, the seller "shall offer the consumer the option to cancel said order with a prompt, full refund of any payments already made or to accept delivery at a specified later time." Another provision prohibits a seller from including certain language in a furniture contract or sales agreement:

> It shall be unlawful for any person to use any contract or sales agreement that contains any terms, such as "all sales final," "no cancellations" or "no refunds," which violate or are contrary to the rights and responsibilities provided for by this rule. Any contract or sales agreement which contains such a provision shall be null and void and unenforceable.

N.J.A.C. 13:45A-5.3(c).

Finally, N.J.A.C. 13:45A-5.4 declares that "any violation of the provisions of this subchapter shall be subject to the sanctions" set forth in the Consumer Fraud Act (N.J.S.A. 56:8-1 et seq.).

In this case, it is undisputed that the contracted delivery date for the mattress base was March 31, 2015. (Sleepy's SUMF ¶ 2; Pl.'s Counter SUMF ¶ 2.) It is likewise undisputed that Defendants delivered the mattress base to Plaintiff by that date, strictly in compliance with N.J.A.C. 13:45A-5.1(a). (Sleepy's SUMF ¶ 5; Pl.'s Counter SUMF ¶ 13.) Plaintiff alleges that the mattress base that was delivered was non-conforming and thus in violation of N.J.A.C. 13:45A-5.1 of the FDR. (TAC ¶¶ 99–101.) Defendants argue that they are in fact compliant with the FDR because Plaintiff was delivered exactly what he had ordered. (Sleepy's Moving Br. at 34.) For the reasons set forth below, the Court agrees with Defendants' position as to the statute.

N.J.A.C. 13:45A-5.1(a)(1) sates that "[a]ny person who is engaged in the sale of household furniture for which contracts of sale or sale orders are used for merchandise ordered for future delivery shall . . . Deliver all of the ordered merchandise by or on the promised delivery date." "For the purposes of this section, delivery of furniture or furnishings that are damaged or that are not the exact size, style, color or condition indicated on the *sales contract*, shall not constitute delivery as required by (a)1 above." N.J.A.C. 13:45A-5.1(a)(5) (emphasis added).

On May 24, 2015, after extensive personal research, Plaintiff ordered and thus contracted for a "TP Ergo Plus Grey 39x80 Base." (Pl.'s Counter SUMF ¶ 2; TAC, Ex. C.) Plaintiff admitted

6

at deposition that the base that was delivered was the exact base that was listed in his sales contract. (Gundell Dep. 36:20-22.) Nevertheless, he argues that the base is non-conforming because, contrary to what he was told by Sleepy's and Sears employees, the mattress that he owns is not compatible with the base that he ordered. (TAC ¶ 14; Pl.'s Counter SUMF ¶ 19.) Whether the mattress Plaintiff ordered is compatible with the base that he ordered is immaterial. As a matter of law, the FDR determines conformity by comparing the good received to that indicated in the sales contract. N.J.A.C. 13:45A-5.1(a)(5). Given that the mattress base that Plaintiff received was the exact mattress base indicated in the sales contract, Defendants complied with the FDR and CFA.

Plaintiff separately alleges that Defendants violated the FDR because they failed to provide him notice of circumstances in which Defendants must issue a refund or his right to cancel for a full refund. (TAC ¶ 107.) However, Plaintiff misconstrues the language of N.J.A.C. 13:45A-5.3. That section mandates a full refund in the event of a late delivery of the furniture ordered. Namely, N.J.A.C. 13:45A-5.1(a) requires the seller to either "[d]eliver all of the ordered merchandise by or on the promised delivery date," or "[p]rovide written notice to the consumer of the impossibility of meeting the promised delivery date." That written notice, which must be provided to the consumer prior to the delivery date in the event that the seller does not meet the agreed-upon delivery schedule, "shall offer the consumer the option to cancel said order with a prompt, full refund of any payments already made or to accept delivery at a specified later time." *Id.*

Two of the regulations prescribe specific language that must appear in contract forms or sales documents in "ten-point bold face type" with information specific to the transaction to be added by the seller. *Spade*, 232 N.J. at 510 (citing N.J.A.C. 13:45A-5.2, -5.3).

7

First, contract forms or sales documents for furniture sales must include the following statement:

> **The merchandise you have ordered is promised for delivery to you on or before** (insert date or length of time agreed upon).

N.J.A.C. 13:45a-5.2(a) (boldface in original).

Second, such forms or documents "shall conspicuously disclose the seller's obligations in the case of delayed delivery in compliance with N.J.A.C. 13:45A-5.1" and "shall contain, on the first page of the contract form or sales document the following notice":

> **If the merchandise ordered by you is not delivered by the promised delivery date, (insert name of seller) must offer you the choice of (1) canceling your order with a prompt, full refund of any payments you have made, or (2) accepting delivery at a specific later date.**

N.J.A.C. 13:45A-5.3(a) (boldface in original).

Another provision prohibits a seller from including certain language in a furniture contract or sales agreement:

> It shall be unlawful for any person to use any contract or sales agreement that contains any terms, such as "all sales final," "no cancellations" or "no refunds," which violate or are contrary to the rights and responsibilities provided for by this rule. Any contract or sales agreement which contains such a provision shall be null and void and unenforceable.

N.J.A.C. 13:45A-5.3(c).

The language used in the sales invoice in this matter is not in dispute. It contains verbatim the language required by N.J.A.C. 13:45a-5.2(a) and N.J.A.C. 13:45A-5.3(a). Taken directly from page 1 of the sales invoice:

> 1. THE MERCHANDISE YOU HAVE ORDERED IS PROMISED FOR DELIVERY TO YOU ON OR BEFORE THE STATED DATE ON THE FRONT OF THE INVOICE. IF THE MERCHANDISE ORDERED BY YOU IS NOT DELIVERED BY THE PROMISED DELIVERY DATE,

8

>    SLEEPY'S WILL OFFER YOU THE CHOICE OF (1) CANCELING YOUR ORDER WITH A PROMPT, FULL REFUND OF ANY PAYMENT YOU HAVE MADE, OR (2) ACCEPTING DELIVERY AT A SPECIFIC LATER DATE.
>
> 2. YOU MUST INSPECT YOUR MERCHANDISE UPON DELIVERY. YOU MAY REFUSE DELIVERY IF YOUR MERCHANDISE IS DELIVERED DAMAGED.

(Third Am. Compl., Ex. C.)

On this undisputed record, it is clear to the Court that Defendants strictly complied with the language required by the FDR and are therefore not in violation of the CFA. It is undisputed that the mattress base enumerated in the sales contract is the exact mattress base that was timely delivered to Plaintiff and that Defendants used the statutorily required language regarding refunds. The Court therefore finds that there is no genuine dispute as to the material facts with respect to the alleged FDR and CFA violations. Accordingly, the Court concludes that Defendants are entitled to summary judgment on Count Three of the Third Amended Complaint.

**B.   TRUTH-IN-CONSUMER CONTRACT, WARRANTY, AND NOTICE ACT**

Count One of the Third Amended Complaint alleges violations of the TCCWNA. To establish a claim under the TCCWNA, Plaintiff must show four elements: (1) that the defendant was a seller; (2) that the seller offered or entered into a written consumer contract; (3) that, at the time the written consumer contract was signed or displayed, the writing contained a provision that violated a clearly established legal right of a consumer or responsibility of a seller; and (4) that the plaintiff is an aggrieved consumer. *Spade v. Select Comfort Corp.*, 232 N.J. 504, 516 (N.J. 2018) (citing N.J. Stat. Ann. § 56:12-15, -17).

It is undisputed that Plaintiff satisfies the first two elements of the *Spade* test. Namely, Sleepy's was in fact a seller and it entered into a written consumer warranty contract with Plaintiff

9

in the form of the customer invoice. The parties then turn much of their attention to the fourth *Spade* element; whether Plaintiff is an "aggrieved consumer."

A consumer is aggrieved "if he or she has suffered harm as a result of the defendant's inclusion of prohibited language in a contract . . . even if that harm is not a basis for a damages award." *Id*. at 523. To that end, the New Jersey Supreme Court provided two examples that clarify the harm an "aggrieved consumer" must suffer to be entitled to a civil penalty under the TCCWNA. A "consumer [who, as a result of the furniture seller's untimely delivery,] would have sought a refund had he or she not been deterred by the 'no refunds' language prohibited by [the FDR,]" may be an "aggrieved consumer." *Id*. at 523. On the other hand, a consumer, who "entered into a sales contract containing a provision that violated [the FDR], but his or her furniture was delivered conforming and on schedule, and he or she . . . incurred no monetary damages or adverse consequences, has suffered no harm," and "[s]uch a consumer is not an 'aggrieved consumer' under [the TCCWNA.]" *Id*. at 524.

In describing a harm that does not give rise to compensable damages, the *Spade* Court provided a relevant example of a furniture seller whose contract unlawfully included "all sales final", "no cancellations", or "no refunds" provisions. *Spade*, 232 N.J. at 519. The Court held that if the consumer would have sought a refund but was deterred by the prohibited no-refund language, "that consumer may be an 'aggrieved consumer' entitled to a civil penalty under N.J.S.A. 56:12-17." *Id*. at 523. "The same consumer would be aggrieved if the untimely delivery and the forbidden language left the consumer 'without furniture needed for a family gathering.'" *Wright v. Bank of America, N.A.*, 456 N.J. Super. 328, 333 (N.J. Super. Ct. App. Div. 2018) (citing *Spade*, 232 N.J. at 523–24). "But that consumer, facing the same unlawful no-refund provision, would

not be an 'aggrieved consumer' if conforming furniture was delivered on schedule and without any 'adverse consequences.'" *Id*.

Plaintiff argues that he is an aggrieved consumer because violating N.J.S.A. 56:12-15, "has caused [Plaintiff and the putative class] to suffer an invasion of their clearly established legal rights under the CFA" and violating N.J.A.C. 13:45A-5.1 "has caused them to suffer an invasion of their clearly established legal right to a refund." (TAC ¶¶ 70, 76.) Defendants disagree, contending that Plaintiff has not asserted a cognizable harm. (Sleepy's Moving Br. at 28.)

The Court has already established that Plaintiff is not aggrieved by untimely, nonconforming delivery. *See supra* III.A. Even if the delivery was untimely, the contract between Plaintiff and Defendant Sleepy's does not have any prohibited language such as "all sales final", "no cancellations", or "no refunds" as enumerated in *Spade*. 232 N.J. at 519. To the contrary, the contract specifically provides for refunds and cancellations for untimely delivery or damaged/nonconforming goods.[1] (TAC, Ex. C.) As there was no contract provision that violated the FDR, Plaintiff is not an aggrieved consumer under either of the two examples provided by the *Spade* court. Accordingly, the Court concludes that Defendants are entitled to summary judgment as to Count One of the Third Amended Complaint.[2]

In light of these findings, Plaintiff is not an aggrieved consumer and thus cannot proceed with his TCCWNA claim.

---

[1] As noted in section III.A *supra*, section 1 of the contract specifically provides that "1.   THE   MERCHANDISE YOU HAVE ORDERED IS PROMISED FOR DELIVERY TO YOU ON OR BEFORE THE STATED DATE ON THE FRONT OF THE INVOICE.  IF THE MERCHANDISE ORDERED BY YOU IS NOT DELIVERED BY THE PROMISED DELIVERY DATE, SLEEPY'S WILL OFFER YOU THE CHOICE OF (1) CANCELING YOUR ORDER WITH A PROMPT, FULL REFUND OF ANY PAYMENT YOU HAVE MADE, OR (2) ACCEPTING DELIVERY AT A SPECIFIC LATER DATE.
2.     YOU MUST INSPECT YOUR MERCHANDISE UPON DELIVERY. YOU MAY REFUSE DELIVERY IF YOUR MERCHANDISE IS DELIVERED DAMAGED."

[2] In light of the Court's conclusion with respect to Plaintiff's status as an aggrieved consumer, it does not reach Defendants' additional challenges with respect to Plaintiff's showing of cognizable harm.

### C. DECLARATORY JUDGMENT

Count Two of the Third Amended Complaint requests a declaratory judgment that the limitation of liability and the refund provisions in the sales order invoice are null and void and/or void as against statutes and public policy pursuant to the Uniform Declaratory Judgment Act ("UDJA"). (TAC ¶¶ 85–94.) The UDJA is designed "to settle and afford relief from uncertainty and insecurity with respect to rights, status and other legal relations." N.J. Stat. Ann. § 2A:16-51. "It specifically authorizes an action by a person interested under a 'written contract' to 'have determined any question of construction or validity arising under' the contract." *Whelan v. N.J. Power & Light Co.*, 212 A.2d 136, 139 (N.J. 1965) (citing N.J. Stat. Ann. § 2A:16-53).

Although Defendants' initial moving papers explicitly seek dismissal of the entirety of the Third Amended Complaint (*See* Notice of Motion, Proposed Order, and Moving Brief), they make no arguments specifically directed to Count Two. Plaintiff highlights this omission repeatedly in his Opposition. (Pl.'s Opp'n to Sleepy's Motion at 2, 12, and 26.) Defendants' Reply nevertheless remains conspicuously silent while reiterating their request that the entirety of the Third Amended Complaint be dismissed. (Sleepy's Reply at 12.) Defendants have therefore not met their burden as moving parties and this portion of their Motion will therefore be denied.

## IV. CONCLUSION

For the reasons stated above, Defendants' Motion for Summary Judgment (ECF No. 108) will be GRANTED as to Count One and Count Three of the Third Amended Complaint and DENIED as to Count Two of the Third Amended Complaint.  An appropriate Order will follow.

Date: **November 30, 2022**

                                                 s/ Zahid N. Quraishi
                                                 **ZAHID N. QURAISHI**
                                                 **UNITED STATES DISTRICT JUDGE**