<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JEFFREY GUNDELL, on behalf of himself and others similarly situated**, | |
| Plaintiff, | Civil Action No. 15-7365 (ZNQ) (DEA) |
| v. | **OPINION** |
| **SLEEPY'S, LLC,** *et al.*, | |
| Defendants. | |

<u>**QURAISHI, District Judge**</u>

**THIS MATTER** comes before the Court upon a Motion to Certify Class ("Motion", ECF No. 95) filed by Plaintiff Jeffrey Gundell ("Plaintiff"). Defendants filed a Brief in Opposition ("Opp'n", ECF No. 96) to which Plaintiff replied ("Reply", ECF No. 100).

The Court has carefully considered the parties' submissions and decided the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will DENY Plaintiff's Motion.

**I.    BACKGROUND**

Plaintiff brings this putative class action lawsuit on behalf of himself and others similarly situated, alleging violations of New Jersey's Truth-in-Consumer Contract, Warranty, and Notice Act ("TCCWNA"), the New Jersey Furniture Delivery Regulations ("FDR"), and the New Jersey Consumer Fraud Act ("CFA"). This action was removed to this Court on October 8, 2015, from the Superior Court of New Jersey, Middlesex County. (ECF No. 1.) Plaintiff's operative pleading,

1

the Third Amended Complaint, was filed on March 18, 2019. ("TAC", ECF No. 55.) The Complaint alleges that Defendants' refusal to provide a refund for a non-conforming product and further unlawful contractual language in its invoices to that effect violates the TCCWNA, FDR, and CFA, and further seeks declaratory judgment that the limitation of liability provision in the sales order invoice is null and void. (*See generally,* TAC.)

Specifically, the Third Amended Complaint arises out of a transaction between Plaintiff Gundell and Defendant mattress retailer Sleepy's, LLC ("Sleepy's"). On February 16, 2013, Plaintiff placed an order for a Tempur-Pedic mattress at a Sleepy's location in East Brunswick, New Jersey, and scheduled delivery for March 2, 2013. (Sleepy's SUMF ¶ 1; Pl.'s Counter SUMF ¶ 1.) Thereafter, on May 24, 2015, Plaintiff placed an order for a new mattress base that allowed for newer features than his original mattress base. (Sleepy's SUMF ¶ 2; Pl.'s Counter SUMF ¶ 2.) The delivery was scheduled for May 31, 2015. (*Id.*; *Id.*) Plaintiff conducted his own due diligence in buying the mattress, including speaking with Sears and Sleepy's employees to confirm the type of mattress base he was looking for. (Sleepy's SUMF ¶ 3; Pl.'s Counter SUMF ¶¶ 3–4.) The specific and exact base that was selected and ordered by Plaintiff was the "Tempur-Pedic Ergo Plus Adjustable Base." (Sleepy's SUMF ¶ 2.) The mattress base was timely delivered. (Sleepy's SUMF ¶ 5; Pl.'s Counter SUMF ¶ 13.) Plaintiff was provided a customer invoice and sales order receipt in conjunction with his order that enumerated both his and Sleepy's rights and obligations. (Sleepy's SUMF ¶ 6–9; Pl.'s Counter SUMF ¶ 11–12.) After the mattress base was delivered, Plaintiff alleged that it was not compatible with his mattress. (Sleepy's SUMF ¶ 10; Pl.'s Counter SUMF ¶ 15–19.) In November 2015, Plaintiff settled his claim with Tempur-Pedic. (Sleepy's SUMF ¶ 11; Pl.'s Counter SUMF ¶ 11). Sleepy's asserts that Plaintiff received a payment four times the purchase price. (Sleepy's SUMF ¶ 11.) Plaintiff acknowledges that he received a

settlement payment and discloses the dollar amount, but asserts that it does not fully compensate him for the violation under the CFA, leaving Sleepy's liable for the remainder. (Pl.'s SUMF ¶ 11) (citing Declaration Andrew R. Wolf, Esq. ¶ 25, ECF 99-2.)

Based on the foregoing facts, Plaintiff now seeks certification of a class defined as follows:

> All consumers who were residents of New Jersey on September 1, 2015, and who purchased household furniture or furnishings for future delivery to an address in New Jersey at any time on or after September 1, 2009 who received the same or similar sales documents as those received by Plaintiff in February 2013 and May 2015.

Plaintiff argues in his Motion that the proposed class satisfies Fed. R. Civ. P. 23(a) ("Rule 23(a)") because the class is numerous, there are questions of law and fact common to the class, the class representative's claims are typical of the class, and Plaintiff and counsel will adequately represent the class. (Motion at 11–18.) Plaintiff also argues that the proposed class has satisfied Fed. R. Civ. P. 23(b)(2) because Defendants' conduct of containing unlawful provisions in its sales agreements is generally applicable to the class. (*Id.* at 20.) Lastly, Plaintiff submits that alternatively, partial certification under Rule 23(c)(4) should be granted with respect to particular issues if the claim as a whole cannot be certified. (*Id.* at 31.)

In their Opposition, Defendants argue that the class cannot be certified because Plaintiff lacks standing as there is neither an injury in fact nor causation. (Opp'n at 7–8.) Defendants further argue that class certification should be denied because it does not satisfy the requirements of Rule 23(a). (Opp'n at 13.) Namely, the class is unascertainable and Plaintiff himself lacks standing so he does not satisfy the typicality, commonality, and particularity requirements of Rule 23(a). (*Id.* at 13–16.) Furthermore, Plaintiff mistakenly reads 23(b)(2) to include class members who may receive damages, attorney fees, and other relief as "cohesive" when the purpose of

23(b)(2) is to address class claims that seek the same exact relief, such as reframing of the provisions at issue. (*Id.* at 20.)

In Plaintiff's Reply, he rebuts Defendants' arguments by asserting that he does in fact have standing because he has suffered an injury: Defendants' enforcement of their unlawful sale term with respect to refunds deprived him of his right to a refund. (Reply at 1–2.) Moreover, the class is ascertainable from the records as per the Declaration of Vanessa Guevara and Plaintiff meets the requirements established by Rule 23(a). (*Id.* at 5–6.) In response to Defendants' allegation that Plaintiff did not suffer the same harm as class members, Plaintiff explains that the harm is the inclusion of the offending language in the Refund and Limitation of Liability provisions used in their transaction with Defendants. (*Id.* at 6.) Moreover, Plaintiff satisfies commonality and typicality such that Plaintiff's claims are grounded in a contractual relationship where the agreements are virtually identical across the whole class. (*Id.* at 6–8.) Lastly, the class satisfies the requirements of Rule 23(b)(2) because "Plaintiff is not asking for monetary damages on behalf of the class, Plaintiff is asking that putative class members be provided Notice that the waiver of rights as contained in the Defendants' Sales Documents has been declared null and void under the TCCWNA and the Declaratory Judgment Act." (*Id.* at 11.)

## II.     RELEVANT PROCEDURAL HISTORY

In the Court's recent decision on a Motion for Summary Judgment filed by Defendants, it dismissed all but Count Two of the Third Amended Complaint. (ECF No. 115.) Count Two seeks a declaratory judgment that the limitation of liability and the refund provisions in the sales order invoice are null and/or void as against statutes and public policy. (ECF No. 55 ¶¶ 84–94.) The Court therefore now considers whether certification of Plaintiff's proposed class for that sole remaining claim is appropriate.

4

### III. LEGAL STANDARD

"The class action is an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart Stores Inc. v. Dukes*, 564 U.S. 338, 348 (2011) ("*Dukes*") (quotation marks omitted). To invoke this exception, every putative class action must satisfy the four requirements of Rule 23. Fed. R. Civ. P. 23. Specifically, each proposed class must first satisfy the four requirements set forth in Rule 23(a), and then meet the conditions of Rule 23(b), (2), or (3). A class may be certified pursuant to Rule 23(a) when: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).

These four requirements are customarily referred to as: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy. *Dukes*, 564 U.S. at 349. With respect to Rule 23(b), Plaintiff here seeks to certify a class under Rule 23(b)(2), which is appropriate when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).

"[T]he requirements set out in Rule 23 are not mere pleading rules." *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 316 (3d Cir. 2008). The burden is on the plaintiff "of establishing each element of Rule 23 by a preponderance of the evidence." *Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, 591 (3d Cir. 2012). This requires "actual" not "presumed" conformance with Rule 23's requirements. *Id*. "Class certification is proper only 'if the trial court is satisfied,

after a rigorous analysis, that the prerequisites' of Rule 23 are met." *In re Hydrogen Peroxide*, 552 F.3d at 309 (quoting *General Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982)).

## IV.   DISCUSSION

### A.   STANDING

"In the context of a class action, Article III must be satisfied by at least one named plaintiff." *Neale v. Volvo Cars of N. Am.*, 794 F.3d 353, 359 (3d Cir. 2015). In order to establish standing, there must be "(1) an injury-in-fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision." *Martinez-Santiago v. Pub. Storage*, 331 F.R.D. 94, 99 (D.N.J. 2019). In order "[t]o establish injury-in-fact, a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016) (internal quotations omitted). "For an injury to be particularized, it must affect the plaintiff in a personal and individual way." *Id*.

Defendants argue that Plaintiff lacks standing to bring representative claims because he has not suffered an injury-in-fact. (Opp'n at 6.) In response, Plaintiff makes clear that he has suffered an injury-in-fact in that the refund provision included in the sales documents waives his right to a refund in the event of a nonconforming delivery which is violative of the FDR and the Limitation of Liability provision in the sales documents is unlawful because it provides for the consumer to waive his or her statutory rights to relief under the TCCWNA. (Reply at 1–2.)

The Court agrees with Plaintiff. "District Courts in this Circuit have . . . found that a consumer has standing to bring a TCCWNA claim where he alleges that a contract limits his ability to vindicate a clearly established right." *Hite v. Lush Internet Inc.*, 244 F. Supp. 3d 444, 454

6

(D.N.J. 2017). Moreover, a concrete injury has been sufficiently pled when one sues under a statute alleging "the very injury [the statute] is intended to prevent." *Susinno v. Work Out World Inc.*, 862 F.3d 346, 351 (3d Cir. 2017). Here, it is clear that the TCCWNA is "intended to prevent deceptive practices in consumer contracts." *Dugan v. TGI Fridays, Inc.*, 231 N.J. 24, 67 (2017). When it enacted the TCCWNA in 1981, the Legislature acknowledged the presence of legally invalid provisions in "[f]ar too many consumer contracts, warranties, notices and signs," which acted to "deceive a consumer into thinking [the provisions] are enforceable, and deterred consumers from enforcing their legal rights." *Spade v. Select Comfort Corp.*, 232 N.J. 504, 515 (2018). By claiming that the contract in dispute has language prohibited by the TCCWNA and the FDR that ultimately affected Plaintiff by preventing him from returning the goods he contracted for, Plaintiff has sufficiently articulated an injury-in-fact and therefore has supported his standing to bring this suit.

### B.  NUMEROSITY

Rule 23(a)(1) requires that the proposed class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). In the Third Circuit, there is no minimum number of plaintiffs to maintain a suit as a class action, and a plaintiff can generally satisfy the numerosity requirement by establishing that the potential number of plaintiffs exceeds forty (40). *Mielo v. Steak 'n Shake Operations, Inc.*, 897 F.3d 467, 485 (3d Cir. 2018).

The court is required to make a "factual determination, based on the preponderance of the evidence, that Rule 23's requirements have been met." *Marcus*, 687 F.3d at 596. The Court is not permitted to merely speculate that the putative class is numerous. *Id*. That said, a plaintiff moving for class certification is not required to identify the exact number or identities of the class members. *Id*. If a plaintiff can show through circumstantial evidence specific to the problems or parties such

that the court may make a sound factual finding, the court may rely on common sense to forgo precise calculations and exact numbers. *Id.*

Here, Plaintiff provides one sentence in his Motion to argue that he meets the numerosity requirement: he has identified "1,537,886 transactions that meet the class definition." (Motion at 11.) Defendants argue that Plaintiff does not meet the numerosity requirement because the class is too vague and unascertainable because it neither verifies nor identifies the class members. (Opp'n at 10.)

Here, the only concrete numerical evidence presented to the court was that there were "1,537,886 transactions that meet the class definition."[1] However, there is no factual basis for determining how many of these 1,537,886 transactions included the disputed contractual language. *See Hayes v. Wal-Mart Stores, Inc.*, 725 F.3d 349, 357 (3d Cir. 2013) (reversing trial court's certification of class because the plaintiff did not meet his burden of proving numerosity when his only evidence was the 3,500 transactions that included the disputed terms). Nor was there evidence of how many of these transactions actually denied refunds, deterred individuals from asserting their rights, or deterred individuals from litigating against Defendants—the specific issues involved in this litigation. *Id.* Thus, to be a member of the class from the pool of 1,537,886 transactions, a person must have contracted for some good or goods at Sleepy's and have received the same contractual language the Plaintiff disputes which ultimately affected that person's legal rights. "Where a putative class is some subset of a larger pool, the [Court] may not infer numerosity from the number in the larger pool alone." *Id.* at 358. In short, the only conclusion

---

[1] While it may be tempting to do so, the Court may not even speculate that a small percentage of these transactions will satisfy the numerosity requirement. *See Hayes v. Wal-Mart Stores, Inc.*, 725 F.3d 349, 358 (3d Cir. 2013) (holding that the district court's speculation that even just 5% of the potential class would satisfy the numerosity requirement was erroneous because "even if it was a good bet, [it] was too speculative to make because the bare number of the larger pool was the only evidence as to numerosity proffered by the plaintiffs.").

that can be drawn from the evidence presented to the Court is that the number of class members would be equal-to-or-less-than 1,537,886 and equal-to-or-greater-than zero. *Id*. Within that range, the Court can only speculate as to the number of class members. *Id*. The Court therefore finds that Plaintiff did not fulfill his burden of supplying circumstantial evidence specific to the disputed contract terms involved in this litigation because he premises his argument for numerosity on improper speculation.

Because Plaintiff has failed to demonstrate that the class is sufficiently numerous, Plaintiff fails to carry his burden under Rule 23(a) and Rule 23(b)(2). *Afzal v. BMW of North America, LLC*, Civ. No. 15-8009, 2020 WL 2786926, at *4 n. 1 (D.N.J. May 29, 2020). Given this deficiency, the Court need not consider whether there are questions of law and fact common to the class, whether the claims or defenses of the class representative are typical of the claims or defenses of the class, or whether class counsel is adequate. *Id.* Lastly, the Court will deny Plaintiff's attempt to certify class under Fed. R. Civ. P. 23(C)(4) because he has failed to satisfy all of Rule 23(a)'s requirements. *See Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013) (for "an action" to be "brought or maintained as a class action," the party seeking class status must satisfy *Rule 23 and all its requirements*) (emphasis added).

## V.     CONCLUSION

For the reasons stated above, the Court will DENY Plaintiff's Motion to Certify Class. An appropriate Order will follow.

Date: **December 6, 2022**

s/ Zahid N. Quraishi  
**ZAHID N. QURAISHI**  
**UNITED STATES DISTRICT JUDGE**