# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

JEFFREY GUNDELL, on behalf of himself
and others similarly situated,

      Plaintiff,

        v.

SLEEPY'S, LLC, et al.,

      Defendants.

Civil Action No. 15-7365 (RK) (DEA)

**MEMORANDUM OPINION**

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon two Motions for Reconsideration filed by Plaintiff Jeffrey Gundell. (ECF Nos. 130 & 131.) Plaintiff moves the Court to reconsider the November 30, 2022 Opinion and Order issued by the Honorable Judge Zahid N. Quraishi, granting Defendants' Motion for Summary Judgment on Counts I and III of Plaintiff's Third Amended Complaint ("TAC"). (ECF Nos. 114 & 115.) In a separate motion, Plaintiff also seeks reconsideration of Judge Quraishi's December 6, 2022 Opinion and Order denying Plaintiff's Motion for Class Certification on all three counts of the TAC. (ECF Nos. 117 & 118.) Plaintiff filed the subject motions and supporting briefs on February 3, 2023. Defendants filed memoranda in opposition on February 21, 2023. (ECF Nos. 134 & 135.) Plaintiff filed replies on March 9, 2023. (ECF No. 137.)[1]

The Court has carefully considered the parties' submissions and decides the motions without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule

---

[1] Thereafter, the matter was reassigned to this Court.

78.1(b). For the reasons that follow, Plaintiff's motions for reconsideration with respect to Counts I and III of the TAC are **DENIED**.

## I.      BACKGROUND

As the facts have been discussed at length in the Court's prior opinions, only a brief recitation follows. On May 24, 2015, Plaintiff ordered a "TP Ergo Plus" mattress base, expecting that it would be compatible with his new Tempur-Pedic mattress. (*See generally* ECF No. 114 at 3; ECF No. 117 1–3.) The base was timely delivered. (*Id.*) Moreover, by Plaintiff's own acknowledgment, the base that was delivered was the exact base listed in his sales contract. (*Id.*) However, the base was not compatible with his mattress. (*Id.*) Plaintiff requested and was denied a full refund from Sleepy's. (*Id.*) He then sued Tempur-Pedic and Sleepy's, alleging in Counts I and III several violations of the Furniture Delivery Act ("FDR"), Consumer Fraud Act ("CFA"), and the Truth-in-Consumer Contract and Warranty, and Notice Act ("TCCWNA").[2]

The District Court granted Defendants' motion summary judgment and dismissed Counts I and III.[3] The Court held that "as a matter of law, the FDR determines conformity by comparing the good received to that indicated in the sales contract. Given that the mattress base that Plaintiff received was the exact mattress base indicated in the sales contract, Defendants complied with the FDR and the CFA." (*Id.* at 7). The fact that the base did not accommodate his mattress was "immaterial" to the analysis. (*Id.* at 6.) Furthermore, because Plaintiff received both

---

[2] Plaintiff reached a settlement with Tempur-Pedic in November 2015. (ECF No. 114 at 3.) Defendant notes that the settlement payment amounted to four times the purchase price of the mattress, and Plaintiff does not dispute the dollar amounts. (*Id.*)

[3] The Court denied Defendants' motion for summary judgment as to Count II, which requests a declaratory judgment that the limitation of liability and refund provisions are null and void as against statutes and public policy pursuant to the Uniform Declaratory Judgment Act. (TAC ¶¶ 85–94.) There, the Court found that Defendants made no arguments specifically directed to Count Two and "have therefore not met their burden as moving parties . . . ." (ECF No. 114 at 12.) The parties' motions for reconsideration with respect to Count II are not considered in this Opinion.

a timely and conforming delivery of the product he ordered, Plaintiff failed to show that he was an "aggrieved consumer" under the TCCWNA as construed by the New Jersey Supreme Court in *Spade v. Select Comfort Corp.*, 232 N.J. 504 (2018). (*Id.* at 11.)

Plaintiff now seeks the Court to reconsider its findings that the mattress base was conforming and that the sales contracts violated the CFA, FDR, and TCCWNA.

## II.   <u>LEGAL STANDARD</u>

Reconsideration is an "extraordinary remedy" to be granted "sparingly." *United States v. Coburn*, No. 19-00120, 2022 WL 874458, at *2 (D.N.J. Mar. 23, 2022) (quoting *NL Indus. Inc. v. Com. Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996)). "The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence." *Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 251 (3d Cir. 2010) (quotation marks omitted) (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). To succeed on a motion for reconsideration, a movant must show "(1) an intervening change in the controlling law; (2) new evidence that was not available when the court issued its order, or (3) the need to correct a clear error of law or prevent manifest injustice." *Gibson v. State Farm Mut. Auto. Ins. Co.*, 994 F.3d 182, 190 (3d Cir. 2020) (citing *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010)).

Pursuant to Local Civil Rule 7.1(i), a party may move for reconsideration within fourteen (14) days of an entry of order or judgment on the original motion. In its brief, the party must "set[] forth concisely the matter or controlling decisions which the party believes the Judge has overlooked." *See* L. Civ. R. 7.1(i). "The word 'overlooked' is the operative term in the Rule." *Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001) (citing Allyn Z. Lite, *New Jersey Federal Practice Rules* 30 (2001)). A motion for reconsideration does not

entitle a party to a second bite at the apple, and reconsideration is inappropriate when a party merely disagrees with a court's ruling or when a party simply wishes to re-argue its original motion. *Sch. Specialty, Inc. v. Ferrentino*, No. 14-4507, 2015 WL 4602995, *2–3 (D.N.J. July 30, 2015); *see also Florham Park Chevron, Inc. v. Chevron U.S.A.*, 680 F. Supp. 159, 162 (D.N.J. 1988).[4]

## III.   <u>DISCUSSION</u>

### A.     Summary Judgment as to Counts I and III

Plaintiff's first motion for reconsideration argues that the Court considered only whether the mattress base was non-conforming but neglected to consider whether it was also damaged pursuant to the Furniture Delivery Regulations ("FDR"), N.J.A.C. 13:45-5.1 et seq. (ECF No. 130-1 at 8–9.) Plaintiff argues that "the delivery of furniture that is different than advertised and represented to be" constitutes a damaged good under section 13:45A-5.1(e) of the FDR. (*Id.* at 1–2.) Accordingly, the subject mattress base should have been determined "damaged" and therefore non-conforming under the FDR. (*Id.* at 9.)

Plaintiff's contention that the Court failed to consider whether the furniture was damaged on delivery is belied by the record. In its November 30, 2022 opinion, the Court initially noted that under the FDR, "delivery of furniture or furnishings that are damaged or that are not the exact size, style, color or condition indicated on the *sales contract*, shall not constitute delivery as required by (a)1 above." (ECF No. 114 at 6 (emphasis in original) (quoting N.J.A.C. § 13:45A-5.1(a)(5)).) The Court noted that, pursuant to Defendants' sales invoice, customers could refuse delivery "if [the] merchandise is delivered damaged." (ECF No. 114 at 9.)

---

[4] The Court will deem the motions timely noting, however, that Judge Quraishi did not rule on the parties' request for an extension (ECF No. 125) and Plaintiffs filed two weeks late (ECF No. 123). *See Smith v. Manasquan Bank*, No. 18-0048, 2018 U.S. Dist. LEXIS 73854 at *4 (D.N.J. Apr. 30, 2018) (denying motion filed six days out of time).

Notwithstanding these provisions, the Court found that the mattress base Plaintiff received was conforming under the FDR because — by Plaintiff's own admission — "the base that was delivered was the exact base that was listed in his sales contract." (ECF No. 114 at 7 (citing Gundell Dep. 36:20–22).)

Given that there is no dispute that Plaintiff ordered a specific product and that that exact product was delivered to him, the Court sees no grounds to reconsider Judge Quraishi's ruling. Plaintiff cites no authority for the proposition that a product, although exactly what was ordered but thereafter determined not "compatible," is "damaged," either in common parlance or under section 13:45A-5.1(a)(1) of the FDR.[5] Plaintiff also fails to show how the Court made a clear error of law in finding that the terms of the sales contract governs the application of section 13:45A-5.1(a)(5). *See Howard Hess Dental Labs. Inc.*, 602 F.3d at 251. Accordingly, the Court denies reconsideration on this ground.[6]

---

[5] Black's Law Dictionary (11th ed. 2019) defines "damage" as "[o]f, relating to, or involving monetary compensation for loss or injury to a person or property," or as "physical harm that is done to something . . . ." The Oxford English Dictionary (2nd ed. 1989), which reroutes "damage" to "violence," describes it as "the exercise of physical force so as to inflict injury on, or cause damage to, persons or property." Plaintiff has never alleged that the mattress base was broken, dented, or rendered nonfunctional through physical force.

[6] In addition, to the extent that the Court's analysis focused predominately on the second half of N.J.A.C. section 13:45A-5.1(a)(1) as Plaintiff suggests, it is because Plaintiff's Complaint focused exclusively on conformity rather than damage. (*See* TAC, ECF No. 55 ¶¶ 104–117.) Plaintiff devotes a single paragraph (without citation to any authority) of its 31-page summary judgment brief to the contention that the product was damaged. (ECF No. 97 at 17.) Even in its Statement of *Disputed* Material Facts, Plaintiff describes the nonconformity as follows: "there were two problems — the mattress did not conform to the base, i.e., the mattress did not fit with the base, and there were two bars attached to the base that was delivered and the one in the store that Plaintiff viewed and ordered had only one bar." (ECF No. 97-3 ¶ 15.) Plaintiff's failure to demonstrate non-conformity does not now authorize him to use a motion for reconsideration to refocus the issue on whether the mattress base was damaged under the FDR. *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2001) (parties cannot use the reconsideration motion "as an opportunity to relitigate the case"); *Boretsky v. Governor of N.J.*, 433 F. App'x 73, 78 (3d Cir. 2001) (reconsideration is not "an opportunity for a litigant to raise new arguments or present evidence that could have been raised prior to the initial judgment").

Because there is no basis to disturb its prior findings that the furniture was neither damaged nor non-conforming, Plaintiff's second argument — that "since the furniture was damaged and non-conforming," defendants were entitled to a full refund — also fails. (ECF No. 130-1 at 10–11.)

Plaintiff's remaining arguments regarding the TCCWNA also fail because they rely on a finding by this Court that Defendant made a non-conforming and/or damaged delivery under the FDR. Plaintiff's argument that he is an "aggrieved consumer" under the TCCWNA is premised solely on the contention that Plaintiff was entitled to a full refund because he received a non-conforming delivery. (ECF No. 130-1 at 14–16.) Because there is no basis to disturb Judge Quraishi's finding that Defendants' delivery was conforming under the FDR, Plaintiff is not an "aggrieved consumer" under the TCCWNA. Accordingly, because the Court found that Plaintiff was not an aggrieved consumer, Plaintiff could not establish a TCCWNA claim regardless of whether the prohibited language regarding "no refunds" and limited liability existed in the sales contract.[7] Thus, reconsideration on these remaining bases fails as well.

## B.      Class Certification of Counts I and III

Plaintiff's second motion for reconsideration asks the Court to reconsider its denial of class certification as to Counts I and III if it reconsiders its decision granting Defendants' motion

---

[7] It is for this reason that the Court did not, in detail, examine the "no refunds" and "Limitation of Liability" provisions of the sales documents in its November 30, 2022 Opinion, as those arguments became irrelevant upon finding that Plaintiff was not statutorily entitled to a refund. That said, the Opinion did not simply ignore these provisions as Plaintiff suggests. In its Opinion granting Defendants' motion for summary judgment, the Court carefully considered the terms of the sales contract and concluded as a matter of law that "the contract does not have any prohibited language . . . as enumerated in *Spade*." (ECF No. 114 at 11.) This finding is supported by the numerous areas of the sales documents that provided the statutorily required language regarding refunds and cancellations. (*See* ECF No. 114 at 8–9, 11.) Plaintiff's motion for reconsideration cites to no precedent suggesting that the Court's decision on this point was error, let alone a clear error of law, as required. *See Howard Hess Dental Labs.*, 602 F.3d at 251 (3d Cir. 2010). The Court's finding on this point was also not inconsistent with its Opinion denying class certification, as that portion of the Opinion merely found that Plaintiff had pled a cognizable injury for standing purposes. (ECF No. 117 at 6.)

6

for summary judgment. (ECF No. 131-1 at 8–9.) Because the Court declines to reinstate Counts I and III of the TAC, the Court will not reconsider Judge Quraishi's denial of class certification.

IV.     **CONCLUSION**

For the reasons stated herein, Plaintiff's motions for reconsideration are DENIED as to

Counts I and III of the TAC. An appropriate Order follows.

                                                    _____
                                                    ROBERT KIRSCH
                                                    UNITED STATES DISTRICT JUDGE

Dated: June 13, 2023

8