# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

JEFFREY GUNDELL, on behalf of himself
and others similarly situated,

    Plaintiff,

       v.

SLEEPY'S, LLC, et al.,

    Defendants.

Civil Action No. 15-7365 (RK) (DEA)

**<u>MEMORANDUM ORDER</u>**

**<u>KIRSCH, District Judge</u>**

    **THIS MATTER** comes before the Court upon Plaintiff's and Defendants' motions for reconsideration of the Court's rulings with respect to Count II of Plaintiff's Third Amended Complaint ("TAC," ECF No. 55). Defendants' motion (ECF No. 129) seeks the Court to reconsider the November 30, 2022 Opinion and Order issued by the Honorable Judge Zahid N. Quraishi, denying Defendants' Motion for Summary Judgment (ECF Nos. 114 & 115). Plaintiff's motion (ECF No. 131) seeks the Court to reconsider Judge Quraishi's December 6, 2022 Opinion and Order denying Plaintiff's Motion for Class Certification (ECF Nos. 117 & 118). The Court has carefully considered the parties' submissions and decides the motions without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b).

    As a preliminary matter, on June 13, 2023, this Court issued an Opinion and Order denying Plaintiff's motions seeking reconsideration of Judge Quraishi's denial of class certification and grant of Defendants' motion for summary judgment as to Counts I and III of the TAC. (ECF Nos. 142 & 143.) Count II is thus Plaintiff's sole live claim.

Plaintiff's complaint arises from alleged contractual violations that prevented him from receiving a full refund on a mattress base he bought from Defendants.[1] Count I sought certification of an injunctive or damages class pursuant to Federal Rule of Civil Procedure 23(b)(2) or 23(b)(3) for Defendants' alleged violations of the Truth-in-Consumer Contract, Warranty and Notice Act ("TCCWNA"), N.J.S.A. 56:12-14 *et seq.* The alleged violations in Count I stem from Defendants' inclusion of "Limitation of Liability" and "no refunds" provisions in its sales contracts that Plaintiff argues contravene statutory provisions within the New Jersey Consumer Fraud Act ("CFA"), N.J.S.A. 56:8-1 *et seq.*, the Furniture Delivery Regulations ("FDR"), N.J.A.C. 13:45A-5.1 *et seq.*, and the TCCWNA. (TAC ¶¶ 53–83.) Count II seeks the Court to certify a Rule 23(b)(2) class and render a declaratory judgment pursuant to N.J.S.A. 2A:16-50 *et seq.* that the same "Limitation of Liability" provisions in its sales contracts are null and void because they deprive Plaintiff and putative class members of their rights to seek redress for violations of the TCCWNA, CFA, and FDR. (TAC ¶¶ 84–94.) Count III sought to certify a Rule 23(b)(2) class and render declaratory relief that Defendants violated the CFA and FDR, and to provide injunctive relief requiring Defendants to provide notice to the class describing options for remedies under the respective statutes. (TAC ¶¶ 95–118.)

Judge Quraishi granted Defendants' motion for summary judgment on Counts I and III. In doing so, the Court found that Defendants had "strictly complied with the language required by the FDR and [they] are therefore not in violation of the CFA." (ECF No. 114 at 9.) The Court further found that "Plaintiff cannot proceed with his TCCWNA claim" because he was not an "aggrieved consumer" and because "the contract between Plaintiff and Defendant Sleepy's does

---

[1] A more fulsome recitation of the facts and procedural history can be found in this Court's Opinion denying Plaintiff's Motion for Reconsideration (ECF No. 142), Judge Shipp's Opinion denying Defendants' Motion to Dismiss (ECF No. 66), and Judge Quraishi's Opinions with respect to class certification (ECF No. 117) and summary judgment (ECF No. 114).

not have any prohibited language such as 'all sales final,' no cancellations,' or 'no refunds,' as enumerated in *Spade*." (*Id.* at 11 (citing *Spade v. Select Comfort Corp.*, 232 N.J. 504, 516 (N.J. 2018)).) Judge Quraishi denied Defendants' motion for summary judgment as to Count II, however, on the grounds that Defendants "ma[d]e no arguments specifically directed to Count Two" and therefore failed to meet their burden of persuasion. (*Id.* at 12.)

On reconsideration, this Court found no basis to disturb Judge Quraishi's findings of fact and conclusions of law, and therefore denied Plaintiff's motion as to Counts I and III. (ECF No. 142.) This Court's Opinion did not discuss the parties' motions for reconsideration as to Count II.

Reconsideration is an "extraordinary remedy" to be granted "sparingly." *United States v. Coburn*, No. 19-00120, 2022 WL 874458, at *2 (D.N.J. Mar. 23, 2022) (quoting *NL Indus. Inc. v. Com. Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996)). "The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence." *Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 251 (3d Cir. 2010) (quotation marks omitted) (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). To succeed on a motion for reconsideration, a movant must show "(1) an intervening change in the controlling law; (2) new evidence that was not available when the court issued its order, or (3) the need to correct a clear error of law or prevent manifest injustice." *Gibson v. State Farm Mut. Auto. Ins. Co.*, 994 F.3d 182, 190 (3d Cir. 2020) (citing *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010)).

Defendants argue that reconsideration of the Court's denial of summary judgment as to Count II is warranted because Judge Quraishi's opinion granting summary judgment dismissed Plaintiff's substantive claims under the FDR, CFA, and TCCWNA. (ECF Nos. 129 at 5; 133 at 2–4.) In declining to dismiss Count II as well, Defendants argue that Judge Quraishi erred as a matter

of law because Count II no longer contains an unresolved substantive claim through which to seek declaratory relief. (*Id.*) Plaintiff, thus far, appears to oppose Defendants' Motion for Summary Judgment as to Count II.

Here, reconsideration of Judge Quraishi's denial of Defendants' motion for summary judgment is not warranted. In seeking a blanket dismissal of the entire TAC, Defendants' moving papers did not adequately address either how Count II specifically should fail or, alternatively, how Count II cannot stand without Counts I or III. (*See generally* ECF No. 108-1.) When offered the opportunity to respond more specifically to this issue after Plaintiffs noted that "Defendants raise no argument as to Count II" (ECF No. 109 at 26), Defendants' Reply abstained from parsing out how each argument related to each Count of the TAC. (*See generally* ECF No. 110.) Judge Quraishi therefore did not commit a clear error of law in refusing to grant summary judgment as to an issue that was inadequately briefed.

Defendants' argument is not without merit, however. Plaintiff's Counts are incontrovertibly overlapping, which leads the Court to question what, if anything, remains as to Count II in light of Judge Quraishi's rulings on Counts I and III. Neither party — not Defendants on summary judgment or reconsideration, or Plaintiffs in opposition to Defendants' motions — has sufficiently briefed this issue.

**IT IS THEREFORE**, on this 26th day of June, 2023, **ORDERED** as follows:

1. Defendants' Motion for Reconsideration (ECF No. 129) is **DENIED**.

2. Plaintiffs are **ORDERED TO SHOW CAUSE** by no later than July 7, 2023, as to why Count II should not be dismissed given Judge Quraishi's rulings as to Counts I and III; Defendant is to file any opposition by July 14, 2023; Plaintiff is to file any reply by July 21, 2023.

3. Plaintiff's Motion for Reconsideration on Judge Quraishi's denial of class certification as to Count II (ECF No. 131) is **STAYED** and the Clerk of Court is instructed to administratively terminate the motion pending the resolution of the dispositive matters related to Count II.

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**

<u>Dated</u>: June 26, 2023