## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

JEFFREY GUNDELL, on behalf of himself
and others similarly situated,

    Plaintiff,

        v.

SLEEPY'S, LLC, et al.,

    Defendants.

Civil Action No. 15-7365 (RK) (DEA)

**MEMORANDUM OPINION**

**KIRSCH, District Judge**

    This matter comes before the Court upon an Order to Show Cause (ECF No. 146) as to why Count II of the Third Amended Complaint ("TAC") should not be dismissed in light of Judge Quraishi's Opinion (the "Opinion", ECF No. 114) granting summary judgment for defendants on Counts I and III of the TAC. Having carefully considered the parties' submissions (ECF Nos. 147, 148, 151) and for the reasons that follow, the Court will enter summary judgment in favor of Defendants and dismiss Count II of the TAC.

### I.    PROCEDURAL BACKGROUND[1]

    This putative class action lawsuit arises from two provisions in Defendants' consumer contracts which Plaintiff alleges violate the Truth-in-Consumer Contract, Warranty and Notice Act ("TCCWNA"), N.J.S.A. 56:12-14 *et seq.*, the New Jersey Consumer Fraud Act ("CFA"), N.J.S.A. 56:8-1 *et seq.*, and the Furniture Delivery Regulations ("FDR"), N.J.A.C. 13:45A-5.1 *et seq.*

---

[1] As the facts of this case have been described at length in prior Opinions, (*see* ECF Nos. 66, 114, 117), the Court dispenses with a detailed recitation of the factual background and describes only the facts relevant to the sole issue before the Court.

Count I sought to certify an injunctive or damages class pursuant to Federal Rule of Civil Procedure 23(b)(2) or 23(b)(3) for Defendants' alleged violations of the TCCWNA, CFA, and FDR. The alleged violations in Count I stem from Defendants' inclusion of a "Limitation of Liability" and a "no refunds" provision in its sales contracts. (TAC ¶¶ 53–83.) Count II sought certification of a Rule 23(b)(2) class and entry of declaratory judgment pursuant to N.J.S.A. 2A:16-50 *et seq.* that the same "Limitation of Liability" provisions in its sales contracts are null and void because they deprive Plaintiff and putative class members of their rights to seek redress for violations of the TCCWNA, CFA, and FDR. (TAC ¶¶ 84–94.) Count III sought to certify a Rule 23(b)(2) class and render declaratory relief that Defendants violated the CFA and FDR, as well as injunctive relief requiring Defendants to provide notice to the class describing options for remedies under the respective statutes. (TAC ¶¶ 95–118.)

The Honorable Zahid N. Quraishi, U.S.D.J., granted Defendants' motion for summary judgment on Counts I and III. The Court held that Defendants had "strictly complied with the language required by the FDR and are therefore not in violation of the CFA." (the "Opinion," ECF No. 114 at 9.) The Court further found that "Plaintiff cannot proceed with his TCCWNA claim" because he was not an "aggrieved consumer" and because "the contract between Plaintiff and Defendant Sleepy's does not have any prohibited language such as 'all sales final', no cancellations', or 'no refunds,' as enumerated in *Spade*." (*Id.* at 11 (citing *Spade v. Select Comfort Corp.*, 232 N.J. 504, 516 (N.J. 2018)).) Judge Quraishi denied Defendants' motion for summary judgment as to Count II, however, on the grounds that Defendants "ma[d]e no arguments specifically directed to Count Two" and therefore failed to meet their burden of persuasion. (*Id.* at 12.)

Plaintiff and Defendants separately sought reconsideration on different portions of the Opinion. Shortly thereafter, the case was reassigned to the Undersigned. On reconsideration, this Court found no basis to disturb Judge Quraishi's findings of law and fact, and accordingly denied Plaintiff's reconsideration motion as to Counts I and III. (ECF No. 142.) In a separate Memorandum Order, the Court denied Defendants' request to reconsider the denial of summary judgment on Count II based on Judge Quraishi's determination that the issue had not been sufficiently briefed. (ECF No. 146 at 4.) Noting, however, that the three counts of the TAC significantly overlap, the Court ordered the parties to submit additional briefing on what, if anything, remained as to Count II of the TAC given the Opinion. The parties timely obliged.

## II.    **LEGAL STANDARD**

The issue at bar is whether the prior grant of summary judgment has rendered the remaining Count of the TAC a nullity. To that effect, the so-called "law of the case" doctrine is clearly implicated, which "limits relitigation of an issue once it has been decided in an earlier stage of the same litigation." *Hamilton v. Leavy*, 322 F.3d 776, 786 (3d Cir. 2003) (internal quotation marks and citation omitted). The doctrine protects "traditional ideals such as finality, judicial economy[,] and jurisprudential integrity." *In re City of Phila. Litig.*, 158 F.3d 711, 717–18 (3d Cir. 1998). While a court is not precluded from reconsidering a previously decided issue, it must nevertheless take care to do so only in "extraordinary circumstances such as where: (1) new evidence is available; (2) a supervening new law has been announced; or (3) the earlier decision was clearly erroneous and would create manifest injustice." *Id.* at 718. Since reconsideration has already been denied with respect to this Opinion, the sole issue at bar is purely to interpret the Opinion as it relates to Count II of the TAC. However, where no material issues of fact exist, the Court will

3

enter judgment in favor of Plaintiffs. *See Melrose, Inc. v. Pittsburgh*, 613 F.3d 380, 387 (3d Cir. 2010); *see also* Fed. R. Civ. P. 56(a).

Although neither party raises any issue of due process, it is also important to make clear — given the impetus behind this decision is the Court's Order to Show Cause — that dismissal of Count II or entry of judgment for Defendants can neither be classified as *sua sponte* entry of summary judgment nor a grant of summary judgment to a non-movant. While both actions are within the Court's power, *see Gibson v. Mayor and Council of City of Wilmington*, 355 F.3d 215, 222–223 (3d Cir. 2004), they typically implicate issues of notice that do not exist here. *See id.* at 222–225; *DL Resources, Inc. v. FirstEnergy Solutions Corp.*, 506 F.3d 209, 223–24 (3d Cir. 2007). In this case, Defendants originally moved for summary judgment on February 19, 2021. Partial judgment was then entered on November 30, 2022. This Order to Show Cause was issued on June 26, 2023 because the Court was contemplating entering judgment in favor of Defendants on Count II and dismissal of Plaintiff's complaint. The Court gave Plaintiff a month to fully brief the issue, (*see* ECF Nos. 146, 150), and the record has been fully developed for over a year.

## III.   DISCUSSION

As previously discussed, the TAC asserts that the "limitation of liability" and "no refund" provisions of Defendants' sales documents violate consumers' statutory rights under the TCCWNA, FDR, and CFA. Counts I and III assert violations of the TCCWNA, the, FDR, and the CFA. Count II seeks declaratory judgment that the two provisions are null and void as against public policy pursuant to the TCCWNA, FDR, and CFA. (*See* TAC at ¶¶86–94.) Judge Quraishi's Opinion, which granted summary judgment in favor of Defendants on Counts I and III, held that Defendants did not violate the FDR or CFA, and further that Plaintiff "is not an aggrieved consumer and thus cannot proceed with his TCCWNA claim." (Op. at 9, 11.) It therefore follows

that if Count II is premised entirely on the same alleged violations of the TCCWNA, FDR, and CFA that the Court rejected, judgment on Count II should also be granted for Defendants, and the TAC should be dismissed.

Plaintiff's first argument against this conclusion asserts that components of his FDR, CFA, and TCCWNA claims are still live as they pertain to the "no refund" provision. (ECF No. 147 at 4.) Specifically, Plaintiff argues that the Court "only determined that the sales invoice contained the language required by N.J.A.C. 13:45A-5.2(a) and -5.3(a)" but not whether the "no refund" clause violated Section 5.3(c). (*Id.* at 6.)

Plaintiff's contention overlooks the many sections of the Opinion that addressed and foreclosed any claim under N.J.A.C. 13:45A-5.3(c). The Opinion first described the written notice obligations that sellers must provide in their contracts pursuant to the FDR, specifically sections 13:45A-5.1(a), -5.2(a), and -5.3(a). (Op. at 5–8.) Notably, the Court quoted, twice and *in full*, N.J.A.C. 13:45A-5.3(c), which renders "null and void and unenforceable" contracts or sales agreements containing "any terms, such as 'all sales final,' 'no cancellations' or 'no refunds', which violate or are contrary to the rights and responsibilities provided" under the statute. (Op. at 6, 8.) Following its recitation of the contract language requirements imposed by the statute, the Court evaluated Defendants' sales documents and concluded that "Defendants strictly complied with the language required by the FDR," and further that Defendants were "not in violation of the CFA." (*Id.* at 9.)

After rejecting Plaintiff's claim under the FDR and CFA as it related to N.J.A.C. 13:45A-5.3(c), the Court addressed the provision again in its TCCWNA analysis. After finding Plaintiff "not aggrieved by untimely, nonconforming delivery," the Court added:

> Even if delivery was untimely, the contract between Plaintiff and Defendant Sleepy's does not have any prohibited language such as

5

> "all sales final", "no cancellations", or "no refunds" as enumerated in [*Spade v. Select Comfort Corp.*, 232 N.J. 504, 519 (2018)]. To the contrary, the contract specifically provides for refunds and cancellations for untimely delivery or damaged/nonconforming goods.

(Op. at 11.)

To summarize, the Opinion addressed and soundly rejected Plaintiff's claim under N.J.A.C. 13:45A-5.3(c). While the contract may have contained the phrase "no refund," Judge Quraishi concluded that the provision did not violate N.J.A.C. 13:45A-5.3(c), and more broadly, the FDR, CFA, or TCCWNA given the presence of contractual language that contained the required offering of a full refund under certain circumstances.[2] This Court has already reviewed and defers to Judge Quraishi's reasoning on Plaintiff's reconsideration motion and declines to revisit Plaintiff's attempted "gotcha" game that relies so heavily on cherry-picked and decontextualized phraseology.

Plaintiff raises two more claims in Count II which he purports survive the Court's summary judgment Opinion. First, Plaintiff argues that the TCCWNA claim as it relates to the "no refunds" provision is still live because "a consumer need not be an 'aggrieved' consumer . . . [to] establish a violation under Section 15" of the TCCWNA. (ECF No. 147 at 10–12.) Second, Plaintiff argues that his TCCWNA claim as it relates to the "limited liability" provision is still live because it was not discussed in the Opinion. (*Id.* at 13.) Both of Plaintiff's claims fail because they rely on the erroneous proposition that they survive despite the Court's holding that Plaintiff "[could not]

---

[2] For reference, the "no refund" phrase Plaintiff complains of is immediately bookended by language that clarifies the limited circumstances in which no refund will be issued. The sentence containing the disputed phrase immediately qualifies that "no refund will be offered after delivery, with the exception of partial adjustments in accordance with Sleepy's Price Guarantee Policy . . . ." (ECF No. 147 at 5.) The preceding sentence states: "If your merchandise cannot be delivered by the date noted on your invoice Sleepy's will offer the option of an alternate delivery date or a prompt, *full refund.*" (*Id.* (emphasis added).) The existence of such immediate qualifying language, in conjunction with the many areas of the contract that contain the language required by law detailing the circumstances where a full refund will be issued, renders Judge Quraishi's finding that the contract did not violate N.J.A.C. 13:45A-5.3(c) or *Spade* entirely reasonable.

proceed with his TCCWNA claim" because he was not an "aggrieved consumer." The Court addresses each claim in turn.

Plaintiff argues that a consumer may bring a cause of action under the TCCWNA without being "aggrieved." (*See id.* at 9–11.) This contention relies on a strained reading of the TCCWNA that is entirely divorced from the New Jersey Supreme Court's decisions on this matter. In *Spade*, the New Jersey Supreme Court wrote, "[a] plaintiff pursuing a TCCWNA cause of action must prove four elements . . ." the fourth element being "that the plaintiff is an 'aggrieved consumer.'" *Spade*, 232 N.J. at 516 (citing N.J.S.A. 56:12–15, -17); *see also id.* at 521–23 (discussing the difference between "consumers" and "aggrieved consumers," only the latter of which "ha[ve] been harmed by a violation of N.J.S.A. 56:12–15" and are therefore "entitled to a remedy under the TCCWNA"). Less than two years after *Spade* was decided, the New Jersey Supreme Court restated that these same four elements are required "[t]o assert a claim under the TCCWNA." *Pisack v. B&C Towing, Inc.*, 240 N.J. 360, 379 (2020) (citing *Spade* at 516).

Because all four elements apply to every TCCWNA cause of action, Judge Quraishi's holding that Plaintiff was not an "aggrieved consumer" foreclosed all of Plaintiff's claims under the TCCWNA. There was no need to consider remaining factors once the Court found that a necessary element had not been proven. *See Pisack v. B&C Towing, Inc.*, 240 N.J. 360, 384 (2020) (finding that plaintiffs could not state a cause of action under the TCCWNA for failing to establish elements one and two). Likewise, since each claim would require a finding that Plaintiff was an "aggrieved consumer," the Court did not need to specifically itemize each allegedly violative provision of the sales document in order to foreclose each claim. Thus, Plaintiff's remaining argument — that the limitation of liability provision is still live because it was not discussed (ECF No. 147 at 13) — also fails.

## IV.    **CONCLUSION**

Accordingly, the Court finds that entry of judgment in favor of Defendants on Counts I and III also warrants summary judgment in favor of Defendants on Count II. As no Count remains, the TAC is dismissed. Plaintiff's outstanding motion for reconsideration on the Court's denial of class certification as to Count II is dismissed as moot. An appropriate Order accompanies this Opinion.

 

 

**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**

Dated: August 28, 2023